**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

VINCENT MURPHY, )
)
      Plaintiff, )
)
      v. ) C.A. No. 2025-0031-SEM
)
MARITIME EXPLORATIONS, INC., )
)
      Defendant. )

## ORDER DENYING EXCEPTIONS

WHEREAS:

A.    On January 10, 2025, plaintiff Vincent Murphy ("Plaintiff") initiated this action through the filing of a Verified Complaint for Relief Pursuant to 8 *Del. C.* Section 220 to Compel Inspection of Books and Records (the "Complaint"). Dkt. 1. Plaintiff seeks to compel defendant Maritime Explorations, Inc. ("MEI" or the "Company") to produce books and records identified in a November 6, 2024 demand (the "Demand"). *Id.* ¶ 11. In the Demand, Plaintiff purports to seek books and records to investigate possible corporate wrongdoing, primarily citing the Court's post-trial findings in *Buddenhagen v. Clifford*, C.A. No. 2019-0258-NAC (Del. Ch.) (the "*Buddenhagen* Action"), as evidence of more recent or continuing misconduct.[1]

---

[1] *See* Tr. of 5-7-2025 Telephonic Post-Trial Final Report [hereinafter Final Report] at 18:13–17, Dkt. 48 ("The plaintiff's call to this Court, here in this 220 action, is to look at the Vice Chancellor's findings in *Buddenhagen* and infer that wrongdoing that was discovered and addressed therein is continuing and worthy of investigation.").

B.      Senior Magistrate Judge Molina, to whom this action is assigned, held a trial on March 27, 2025.  Dkt. 34.  Thereafter, Senior Magistrate Judge Molina issued an oral final report (the "Final Report") denying Plaintiff's request for books and records.  *See* Dkt. 43; Final Report.  The Final Report concluded that Plaintiff's stated purpose for seeking books and records was his true purpose for making the Demand, but that Plaintiff failed to meet his burden to prove a credible basis to suspect possible wrongdoing.  Final Report at 15:1–2, 23:3–12.

C.      On May 14, Plaintiff filed exceptions to the Final Report (the "Exceptions"), accompanied by an opening brief in support of the Exceptions.  Pet'r's Opening Br. in Supp. of Exceptions to the Magistrate's Final Report [hereinafter OB], Dkt. 44.  On May 22, MEI filed an answering brief in opposition to the Exceptions, Dkt. 45, and on May 30, Plaintiff filed a reply brief in further support of the Exceptions.  Dkt. 50.  Oral argument on the Exceptions is unnecessary.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 5th day of June 2025, as follows:

1.      I have reviewed the record and the Senior Magistrate Judge's determinations *de novo*.  *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).  Good cause does not exist to expand the record.  *See* Ct. Ch. R. 144(e).

2.      On Exceptions, Plaintiff contends that the Final Report (1) misapplied the credible basis standard, (2) wrongly disregarded post-demand evidence, and

2

(3) improperly weighed the evidence in finding that Plaintiff failed to meet his burden to establish a credible basis to suspect possible wrongdoing.

       a.     <u>The Final Report correctly applied the credible basis standard.</u>

The Final Report accurately explained:

> To quote from *Seinfeld v. Verizon Communications*, under Delaware law[,] "[a] mere statement of a purpose to investigate possible general mismanagement, without more, will not entitle a shareholder to broad [Section] 220 inspection relief." Rather, to establish a proper purpose of investigating wrongdoing, a stockholder "must present some evidence to suggest a credible basis from which a court can infer that . . . wrongdoing may have occurred." . . . The lowest possible burden of proof still requires that the stockholder "establish by a preponderance of the evidence that there is a credible basis to suspect a possibility of wrongdoing." That burden may be "satisfied by a credible showing through documents, logic, testimony, or otherwise that there are legitimate issues of wrongdoing."

Final Report at 15:14–16:6. Plaintiff nevertheless argues that "the Magistrate held [Plaintiff] to a higher burden" than the one articulated above. OB at 6. She did not. The Senior Magistrate Judge appropriately weighed the evidence presented at trial in reaching the conclusion that Plaintiff failed to meet his low burden to demonstrate a credible basis for investigation.[2]

---

[2] Plaintiff argues that it was "legal error" for the Senior Magistrate Judge to consider decisions in which this Court has "rejected the argument that past lawsuits against a company constitute credible evidence of similar ongoing malfeasance." *La. Mun. Police Emps. Ret. Sys. v. Lennar Corp.*, 2012 WL 4760881, at *3 (Del. Ch. Oct. 5, 2012); *see also Roberta Ann K.W. Wong Revocable Tr. U/A Dated 03/09/2018 v. Amazon, Inc.*, 2024 WL 4564754, at *4 (Del. Ch. Oct. 24, 2024) (noting that "bare allegations" in a complaint in prior or pending litigation "may not be enough if they are not 'supported by additional

b. __The Final Report did not disregard post-demand evidence.__

Rather, the Final Report explained:

> In post-trial briefing, the plaintiff relied heavily on [an] attorneys' fees hearing in the *Buddenhagen* action, which was on December 9th of last year. But as the defendant points out, the plaintiff made his demand before that December 9 hearing. The demand was served November 6, almost a month before that attorneys' fees hearing. The plaintiff also failed to plead any predicate regarding the December 9th hearing in the January 10th complaint that was filed in this action. *Nevertheless, I have reviewed the hearing transcript and considered it . . . .*

Final Report at 22:13–23 (emphasis added). In other words, the Final Report explained that *even if* the Court were to consider evidence arising after Plaintiff made the Demand,[3] such evidence *still* did not satisfy Plaintiff's burden to establish a credible basis to investigate wrongdoing.

---

evidence'"); *Okla. Firefighters Pension & Ret. Sys. v. Amazon.com, Inc.*, 2022 WL 1760618, at *9 n.87 (Del. Ch. June 1, 2022) (explaining that "despite the credible basis standard being 'interpreted as a low one,' the presence of past lawsuits against a company 'does not cut it'" (quoting *Graulich v. Dell Inc.*, 2011 WL 1843813, at *5 n.49 (Del. Ch. May 16, 2011))). Relying on that precedent, the Senior Magistrate Judge correctly concluded that the conduct at issue in the *Buddenhagen* Action, which occurred many years ago, was insufficient to satisfy Plaintiff's burden to demonstrate a credible basis to suspect more recent or ongoing wrongdoing.

[3] *But see Wynnefield P'rs Small Cap Value L.P. v. Niagara Corp.*, 2006 WL 1737862, at *9 n.90 (Del. Ch. June 19, 2006) ("Allegations of post-trial conduct, however, are excluded under the well settled rule that a proper purpose cannot be established through post-demand conduct."), *rev'd in part and aff'd in part on other grounds*, 907 A.2d 146 (Del. 2006); *Sutherland v. Dardanelle Timber Co., Inc.*, 2005 WL 1074357, at *2 (Del. Ch. Apr. 25, 2005) (explaining that "requiring production of documents and other pre-trial discovery to produce evidence of corporate wrongdoing, on the ground that such wrongdoing would tend to bolster a showing of proper purpose for a *prior* demand for production of documents to investigate *other* wrongdoing, would invert the § 220 procedure" (emphasis in original)).

c.     <u>The Final Report properly weighed the evidence</u>.    On Exceptions, Plaintiff argues that the Final Report erred by "ignor[ing] severe corporate trauma established in *Buddenhagen*," "rejecting MEI's failure to hold an annual meeting,"[4] and "disregarding" other purported evidence of wrongdoing.  OB at 8–11.  "Believing the [Senior Magistrate Judge] to have dealt with the issues . . . in a proper manner, and having articulated the reasons for her decision well, there is no need for me to repeat her analysis."  *Blackburn v. Hooks*, 2018 WL 4643812, at *2 (Del. Ch. Sept. 26, 2018) (quoting *In re Erdman*, 2011 WL 2191680, at *1 (Del. Ch. May 26, 2011)).  I adopt the Final Report's analysis and conclusions.

3.     To summarize, after *de novo* review, I am satisfied that the Exceptions should be denied, and that the Final Report must be adopted.

<u>/s/ Bonnie W. David</u>

Bonnie W. David
Vice Chancellor

---

[4] I note that, although Plaintiff points to MEI's failure to hold an annual meeting as evidence of possible wrongdoing, Plaintiff does not seek to investigate *that* purported wrongdoing, as none of the categories of documents sought in the Demand concern the annual meeting.  *See* Ex. 1 – Demand Letter, Dkt. 1.